IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMARA S. FRAZIER,

                  Plaintiff,

        v.

DOVENMUEHEL MORTGAGE, INC.,

                  Defendant.

Case No. 22 C 3900

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamara Frazier ("Frazier") brings this action against Defendant Dovenmuehle Mortgage ("Dovenmuehle" or "DMI"), alleging that DMI violated the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681b *et seq.* by accessing her credit report in December 2020 without a "permissible purpose" [Dkt. No. 1]. DMI has moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and in the alternative, has advanced the affirmative defense of res judicata [Dkt. No. 14]. In her response, Plaintiff has requested leave to file an Amended Complaint [Dkt. No. 17].

For the reasons stated herein, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint based on the doctrine of res judicata [Dkt. No. 14] and denies Plaintiff's Request for Leave to Amend [Dkt. No. 17].

## I.  BACKGROUND

Plaintiff Tamara Frazier ("Frazier"), an Illinois resident, incurred a mortgage obligation to Defendant Dovenmuehle Mortgage ("Dovenmuehle" or "DMI"), residential mortgage loan subservicer based in Illinois, in or about 2007. (Compl. ¶¶ 4-5 & 13, Dkt. No. 1.) In or about late 2015 or early 2016, Plaintiff settled the account for less than the full balance via a short sale, thereby eliminating any continuing obligation on the debt. (*Id.* ¶¶ 14-15.)

In 2020, Plaintiff discovered that Defendant had continued to report her in 2018, 2019, and 2020. (*Id.* ¶ 16.) Subsequently, on November 12, 2020, Plaintiff sued DMI based on alleged Fair Credit Reporting Act ("FRCA") violations. (*Id.* ¶ 18; *see also Frazier v. Dovenmuehle Mortg., Inc.,* No. 20 C 6721, 2022 U.S. Dist. LEXIS 146750, at *1 (N.D. Ill. 2022) (*aff'd,* 2023 U.S. App. LEXIS 16933 (7th Cir. 2023).) This earlier suit is hereafter referred to as *Frazier I*.

On or about December 1, 2020, Plaintiff served DMI with her complaint in the *Frazier I* suit. (*Frazier I*, Dkt. No. 6 ¶ 1.) On December 9, 2020, DMI pulled Plaintiff's credit report. (Compl. ¶ 19.) Plaintiff had no continuing obligation to DMI by this time and had not provided Defendant with permission to pull or check her credit. (*Id.* ¶ 20). Because DMI conducted a "hard pull" on

Plaintiff's credit report, it adversely impacted her credit scores or credit profiles. (*Id.* ¶ 21).

On July 27, 2022, Plaintiff filed her instant Complaint, alleging that DMI's December 2020 credit check violated the FRCA § 1681b(a), 1681b(f), and 1681e(a) because the Defendant lacked a "permissible purpose" for obtaining Plaintiff's credit reports. (*Id.* ¶ 27.) Plaintiff further alleged that DMI violated Plaintiff's right to privacy by pulling her personal and credit information without a permissible purpose. (*Id.* ¶ 29.)

On October 18, 2022, DMI moved to dismiss Plaintiff's suit for failure to state a claim, and alternatively, advanced the affirmative defense of res judicata. (Dkt. No. 13.) On November 18, 2022, Plaintiff filed her opposition to Defendant's Motion to Dismiss and requested leave to amend her Complaint. (Dkt. No. 17.) On December 2, 2022, DMI filed its reply in support of its Motion to Dismiss. (Dkt. No. 18.)

## II. **LEGAL STANDARD**

A Rule 12(b)(6) motion challenges a complaint's legal sufficiency. To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a "plausibility" standard. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court will accept all well-pleaded facts in the complaint as true and "construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC,* 771 F.3d 994, 997 (7th Cir. 2014). While the bar to survive a motion to dismiss is not high, *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 463 (7th Cir. 2010), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014) (citing *Iqbal,* 556 U.S. at 678).

### III. <u>DISCUSSION</u>

#### A. 15 U.S.C. § 1681b(a) Violation

While Plaintiff's Complaint alleges that DMI violated § 1681b(a), 1681b(f), and 1681e(a) of the FRCA, (Compl. ¶ 27), she asserts that Defendant lacked a "permissible purpose" for pulling her credit report, in specific reference to § 1681b(a). (Compl. ¶¶ 26 & 30.) Therefore, this Court's analysis will focus on this latter provision.

To state a claim under § 1681b, a complaint must allege that (1) there was a consumer report; (2) that the defendant used or obtained it; and (3) that the defendant did so without a permissible statutory purpose. *Rogers v. Wells Fargo Bank, N.A.,*

No. 19-cv-02596, 2020 U.S. Dist. LEXIS 39069, at *9 (N.D. Ill. Mar. 6, 2020). DMI acknowledges that it accessed Plaintiff's credit report on December 9, 2020. (Memorandum in Support of Motion to Dismiss ("MTD"), Dkt. No. 14 at 2.) Thus, the third requirement alone is at issue here.

Under FRCA § 1681b(a), entities may access a consumer's credit report under a limited number of circumstances. § 1681b(a). As relevant here, § 1681b(a)(3)(F) permits an entity to obtain a consumer's credit report if it has a "legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer." § 1681b(a)(3)(F)(i).

DMI maintains that it accessed Plaintiff's credit report to "investigate the validity of Plaintiff's claims and to prepare for the *Frazier I* litigation," (MTD at 2), and argues that this constituted a "legitimate business need" for the information under § 1681b(a)(3)(F)(i). *See also Frazier I,* 2022 U.S. Dist. LEXIS 146750, at *1. Specifically, because Plaintiff alleged in the *Frazier I* suit that DMI had failed to investigate reasonably Plaintiff's dispute of purportedly inaccurate credit information, *id.,* Defendant contends that they had a permissible statutory purpose under § 1681b(a) to pull Plaintiff's credit report. (MTD at 5.)

- 5 -

The Seventh Circuit's precedent supports a broad reading of § 1681b(a)(3)(F)'s "legitimate business need" language. *Ippolito v. WNS, Inc.,* 864 F.2d 440, 451 n. 11 (7th Cir. 1988) (referencing § 1681b(a)(3)(F) by its pre-amendment label, § 1681b(3)(E)). And courts in this district, as well as persuasive authority from other circuits, have construed § 1681b(a)'s "legitimate business need" language to include preparation for litigation. *See, e.g., Minter v. AAA Cook County Consolidation, Inc.,* No. 02 C 8698, 2004 U.S. Dist. LEXIS 13629, at *13 (N.D. Ill. Jul. 19, 2004); *Allen v. Kirkland & Ellis,* 1992 U.S. Dist. LEXIS 12383, at *7 (N.D. Ill. Aug. 14, 1992). But such a reading of the phrase is not ubiquitous, and several courts in this district have been hesitant to adopt such a broad construction, particularly without an ongoing financial relationship between the parties. *See, e.g., Hinton v. USA Funds,* No. 03 C 2311, 2005 U.S. Dist. LEXIS 6275, at *29-30 (N.D. Ill. Mar. 30, 2005); *Billups v. PHH Mortg. Corp.,* No. 19 C 7873, 2021 U.S. Dist. LEXIS 80398, at *7 (N.D. Ill. Apr. 27, 2021). Ultimately, whether Defendant possessed a "legitimate business need" to pull Plaintiff's credit report requires a fact sensitive inquiry.

Plaintiff alleges that at the time that DMI pulled her credit report in December 2020, she had "no ongoing obligation to DMI and had not provided them permission to pull or check her credit in

anyway." (Compl. ¶¶ 19 & 20.) While Defendant argues that it is "immaterial that Plaintiff's debt was previously satisfied," (Reply in Support of Motion to Dismiss ("Reply") at 5, Dkt. No. 18), the Court disagrees. This fact is directly relevant to the status of the parties' business relationship when DMI pulled Plaintiff's credit report, and by extension, its necessity at that time. Without an ongoing business relationship between the parties, DMI is left to argue that it required the report to "test whether Plaintiff's credit report contained inaccurate statements," as alleged in the *Frazier I* complaint. But as the *Hinton* court correctly notes, § 1681b(a)'s plain language does not expressly authorize such a test as a permissible statutory purpose. *Hinton,* 2005 U.S. Dist. LEXIS 6275, at *28.

Defendant's cited case law provides only tepid support for its motion to dismiss. *See, e.g., Minter,* 2004 U.S. Dist. LEXIS 13629, at *16 (stating in dicta that it "seem[ed]" the defendant's proposed purpose of defending itself against the lawsuit "would be permissible" as a legitimate business need under § 1681b(a)); *see also Duncan v. Handmaker,* 149 F.3d 424, 428 (6th Cir. 1998) (musing that it is "not altogether impossible" that an entity may obtain a consumer's report for a permissible purpose where the dispute is unrelated to debt collection). Neither case categorically demonstrates that Plaintiff here has failed to state a plausible

claim under § 1681b(a)(3)(F), particularly given courts' varied interpretations of the "legitimate business need" phrase within this circuit. And at this stage of the proceedings, "deciding the 'permissible purpose' question is dangerously close to a factual finding, which the Court cannot make on a motion to dismiss." *Billups,* 2021 U.S. Dist. LEXIS 80398, at *7.

Therefore, without determining the validity or likely success of Plaintiff's § 1681b(a) cause of action, this Court declines to grant Defendant's Motion to Dismiss for failure to state a claim.

## B. Res Judicata

However, Plaintiff's claim is nonetheless barred based on the doctrine of res judicata.

Under Illinois law, the doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties on the same cause of action. *Empress Casino Joliet Corp. v. Blagojevich,* 638 F.3d 519, 536 (7th Cir. 2011) (citing *Hudson v. City of Chicago,* 889 N.E.2d 210, 213 (Ill. 2008)). Res judicata bars litigation where: (1) there was a final judgment on the merits; (2) there is an identity of parties or their privies; and (3) there is an identity of cause of action. *Baek v. Clausen,* 886 F.3d 652, 660 (7th Cir. 2018). The Court agrees with Defendant that all three elements are established here.

The first two elements are undisputedly met. First, the *Frazier I* litigation reached a final judgment on the merits after the judge granted Defendant's motion for summary judgment. *See Frazier I,* 2022 U.S. Dist. LEXIS 146750, at *8; *see also Qualls v. NIU Bd. of Trs.,* 272 Fed. App'x. 512, 513-14 (7th Cir. 2008); *Lester v. Brown,* 929 F.Supp. 291, 293 (N.D. Ill. 1996). And second, the *Frazier I* litigation featured the same parties, with Tamara Frazier as the Plaintiff and Dovenmuehle Mortgage as the Defendant. *Frazier I,* 2022 U.S. Dist. LEXIS 146750, at *1.

Regarding the third requirement, however, Plaintiff maintains that the two suits do not share a cause of action. Specifically, Plaintiff argues that this Court should not apply res judicata for two primary reasons. First, Plaintiff asserts that the Court should grant the affirmative defense of res judicata only when the allegations in the complaint suffice to establish the defense. And second, Plaintiff argues that her *Frazier I* allegations and those in the case at bar are sufficiently distinct and separate to overcome the res judicata challenge. Ultimately, neither of Plaintiff's arguments are persuasive.

Regarding the affirmative defense argument, Plaintiff cites Seventh Circuit case law that states that the res judicata affirmative defense is appropriate at the motion to dismiss stage only when the plaintiff pleads facts that prove an "impenetrable

defense to its claims." *See, e.g., Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). But the Seventh Circuit's more recent case law has clarified that dismissal is nonetheless proper when judicially noticeable matters or documents make it clear that res judicata bars the plaintiff's claim. *See Parungao v. Cmty. Health Sys., 858 F.3d 452, 457 (7th Cir. 2017); McBride v. Quality Carriers, Inc.,* No. 22-2569, 2023 U.S. App. LEXIS 8113, at*4-5 (7th Cir. 2023). This Court may judicially notice court filings and other public record matters at the motion to dismiss stage when those documents' accuracy cannot reasonably be questioned. See *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 492-93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081-82 (7th Cir. 1997). Therefore, the Court may judicially notice the *Frazier I* proceedings, including Plaintiff's allegations in the earlier suit, to evaluate Defendant's res judicata argument.

Regarding the cause of action argument, while Plaintiff acknowledges that she brought two claims against Defendant for FRCA violations, she maintains that "the violations and the facts giving rise to the violations involve separate conduct and are wholly unrelated in occurrence or motivation." (Opposition to Motion to Dismiss ("Opp. MTD") at 13, Dkt. No. 17.) The crux of Plaintiff's argument is that because her initial complaint was

filed in November 2020, and the alleged impermissible credit pull occurred in December 2020, their new claim cannot be barred for res judicata because the latter claim did not yet exist when her initial complaint was filed. (Opp. MTD at 15.) The Court disagrees.

The Seventh Circuit applies a fact-oriented "same transaction" test for the res judicata doctrine, *Lim v. Central DuPage Hosp.,* 972 F.2d 758, 763 (7th Cir. 1992), where "a claim has 'identity' with a previously litigated matter if it *emerges* from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw Waste Sys.,* 49 F.3d 337, 339 (7th Cir. 1995) (emphasis added). Moreover, the doctrine of res judicata extends not only to the claims that were actually litigated in the prior proceeding, but also to issues that could have been raised but were not. *Kilburn-Winnie v. Town of Fortville,* 891 F.3d 330, 332 (7th Cir. 2018); *see also River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 889 (Ill. 1998).

Here, Plaintiff's cause of action emerges from the events and commercial relationship at the core of the parties' earlier litigation. Despite her claim that this suit "arises from a different sequence of events, involving different facts and actions that arose after the dispute in the first case," (Opp. MTD at 15), Plaintiff alleged in her Complaint that "DMI pulled Plaintiff's credit report to conduct an investigation into the

- 11 -

lawsuit filed against it." (Compl. ¶ 22.) While Plaintiff now seeks to "remove that sentence" if given leave to amend, (Opp. MTD at 10), its original inclusion demonstrates Plaintiff's recognition and understanding that this suit is factually and temporally linked to the earlier litigation's core of operative facts.

In both the *Frazier I* suit and the case at bar, Plaintiff alleges that she incurred a mortgage obligation to DMI, that the obligation was eliminated by her short sale of the property, that she settled the account for less than the full balance, that DMI allegedly reported her account as late in 2018, 2019, and 2020, and that she disputed DMI's reporting with the credit reporting agencies. (Compl. ¶¶ 13-18; *Frazier I* Compl. ¶¶ 13-18). While Plaintiff also alleges that DMI unlawfully pulled her credit report after she filed her *Frazier I* suit, (Compl. ¶ 19), the same set of operative facts regarding her relationship with and allegations against DMI gave rise to both suits. In other words, Plaintiff's present suit is traceable not only to DMI's allegedly unlawful credit report pull in December 2020, but also to the parties' interactions in the several years preceding the *Frazier I,* and now this, litigation. (Compl. ¶¶ 13-19.)

Moreover, Plaintiff could have brought her present Complaint during the prior *Frazier I* suit. Plaintiff concedes that Defendant's allegedly impermissible credit pull occurred on

December 9, 2020. (*Id*. ¶ 19.) The record demonstrates that Plaintiff had until February 8, 2022, to complete fact discovery in her earlier suit. (*Frazier I,* Dkt. No. 27.) Furthermore, Judge Feinerman in the Northern District of Illinois granted Defendant's Motion for Summary Judgment in the *Frazier I* litigation on August 17, 2022. (*Frazier I*, Dkt. No. 87.) Plaintiff had sufficient time before discovery closed, and certainly before the prior suit reached a final merits determination, to raise her present allegation. Instead, Plaintiff pursued a piecemeal litigation approach, evidently holding this backup claim in reserve in the event the prior suit was unsuccessful.

The doctrine of res judicata minimizes "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Alvear-Velez v. Mukasey,* 540 F.3d 672, 677 (7th Cir. 2008) (citing *Montana v. United States,* 440 U.S. 147, 153-54 (1979).) Plaintiff's choice to separately file this instant suit, which emerges from her prior suit's core of operative facts and could have already been litigated in this same district, frustrates the doctrine's goal, and should therefore be dismissed.

### C. Leave to Amend

Finally, Plaintiff requests leave to file an amended complaint to address to "add significant color" to her allegations. (Opp. MTD at 10.) Under Federal Rules of Civil Procedure 15(a)(2), the district court should grant leave to amend the complaint when justice so requires. However, the Court may decline to do so where an amendment would be futile. *McGee v. Kerr-Hickman Chrysler Plymouth,* 93 F.3d 380, 385 (7th Cir. 1996).

Plaintiff seeks, for example, to clarify that she does not know DMI's true purpose in pulling her credit report in December 2020 (Opp. MTD at 10); clarify the relationship between the parties, with Plaintiff only indirectly incurring a mortgage obligation to DMI (*Id.*); assert that DMI already had a copy of her credit report in December 2020 (*Id.* at 11); and clarify that DMI failed to provide certification that encompasses its basis for pulling her credit report (*Id.*) While Plaintiff's proposed amendments may well lend support and "add significant color" to her § 1681b(a) cause of action, (Opp. MTD at 10-11), her changes would do nothing to fundamentally alter the core of operative facts at issue both here and in her prior lawsuit. Thus, even were the Complaint to be amended, the doctrine of res judicata would nonetheless bar her claim. Therefore, the Court denies Plaintiff's

- 14 -

request for leave to amend, as doing so would be futile to combat

Defendant's res judicata affirmative defense.

IV.  **CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss

Plaintiff's Complaint based on the doctrine of res judicata [Dkt.

No. 13] is granted.

**IT IS SO ORDERED.**


_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 8/7/2023